## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **AMBIT HOLDINGS, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **JOSH KOPPANG, an individual,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

### ORIGINAL COMPLAINT

Plaintiff, Ambit Holdings, L.L.C. ("Ambit"), files this its Original Complaint against Defendant, Josh Koppang, an individual ("Defendant"), and would respectfully show the Court the following:

### Parties

1.      Ambit Holdings, L.L.C. is a Texas limited liability company with its principal place of business at 1801 N. Lamar Street, Suite 200, Dallas, Texas 75202.

2.      Upon information and belief, Josh Koppang is an individual with a principal residence of 601 Indian Mountain Ct., Granbury, Texas 76048.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has supplemental jurisdiction over the claims which arise under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the Federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5.     Venue lies properly in this judicial district and division under the provisions of 28 U.S.C. § 1391(b)(1) and (2) and (c)(1) because a substantive part of the elements or giving rise to the claims occurred in this judicial district and Defendant resides in this judicial district. Defendant is subject to the personal jurisdiction of this Court because the claims and causes of action arose through acts of Defendant committed in this judicial district and because Defendant is a resident of this district.

<h3 style="text-align:center"><u>Factual Allegations</u></h3>

6.     For many years and since long prior to the acts of Defendant which are the subject of this Complaint, Ambit has been in the business of providing retail energy goods and services to the public.  The goods and services of Ambit are sold in association with one or more of the trademarks "AMBIT®",  "AMBIT ENERGY®", "AMBIT ENERGY® & design", and "AMBIT ADVANTAGES®" and "AMBITION®" (collectively, the "AMBIT ® Marks").

7.     Ambit is the owner of Federal Trademark Registration No. 3,786,848 on the Principal Register for the trademark "AMBIT ®" for among other things "distribution of energy, namely, distribution of electricity and natural gas to residential and commercial users" in Class 39. A copy of the registration is attached as Exhibit A.  The Mark has been used continuously since its date of first use, which was at least as early as September 2006.  The registration is valid and subsisting, uncancelled, and unrevoked.

8.     Ambit is the owner of Federal Trademark Registration No. 3,389,005 on the Principal Register for the trademark "AMBIT ENERGY®" & design for "electrical energy; natural gas" in Class 4.  A copy of the registration is attached as Exhibit B.  The Mark has been used continuously since its date of first use, which was at least as early as September 2006.  The registration is valid and subsisting, uncancelled and unrevoked.

9.      Ambit is the owner of Federal Trademark Registration No. 3,443,624 on the Principal Register for the trademark "AMBIT ENERGY®" for "distribution of energy, namely, providing electrical energy and natural gas to residential and commercial users" in Class 39.  A copy of the registration is attached as Exhibit C.  The Mark has been used continuously since its date of first use, which was at least as early as September 2006.  The registration is valid and subsisting, uncancelled and unrevoked.

10.      Ambit is the owner of Federal Trademark Registration No. 4,206,576 on the Principal Register for the trademark "AMBIT ADVANTAGES®" for "distribution of energy, namely, providing electrical energy and natural gas to residential and commercial users" in Class 39.  A copy of the registration is attached as Exhibit D.  The Mark has been used continuously since its date of first use, which was at least as early as June 2010.  The registration is valid and subsisting, uncancelled and unrevoked.

11.      Ambit is the owner of Federal Trademark Registration No. 4,077,883 on the Principal Register for the trademark "AMBIT ENERGY®" & design for "distribution of energy, namely, providing electrical energy and natural gas to residential and commercial users" in Class 39.  A copy of the registration is attached as Exhibit E.  The Mark has been used continuously since its date of first use, which was at least as early as June 2010.  The registration is valid and subsisting, uncancelled and unrevoked.

12.      Ambit is the owner of Federal Trademark Registration No. 4,094,404 on the Principal Register for the trademark "AMBIT ENERGY®" & design for "distribution of energy, namely, providing electrical energy and natural gas to residential and commercial users" in Class 39.  A copy of the registration is attached as Exhibit F.  The Mark has been used continuously

since its date of first use, which was at least as early as June 2010.  The registration is valid and subsisting, uncancelled and unrevoked.

13.     Ambit is the owner of Federal Trademark Registration No. 4,364,518 on the Principal Register for the trademark "AMBITION®" for "arranging and conducting special events for business purposes" in Class 35.  A copy of the registration is attached as Exhibit G.  The Mark has been used continuously since its date of first use, which was at least as early as September 2007.  The registration is valid and subsisting, uncancelled and unrevoked.

14.     Prior to the acts of Defendant complained of herein, Ambit has expended a substantial amount of money, energy, time and effort in continuously advertising and promoting the AMBIT® Marks in connection with its goods and services.  Ambit continues to advertise and promote its goods and services to the trade and the public.

15.     As a result of the care and skill exercised by Ambit in the conduct of its business, by extensive advertising and marketing and by providing a consistent supply of high quality goods and services to the public under the AMBIT® Marks, Ambit has acquired an excellent reputation and extensive customer goodwill.

16.     Ambit is now known in the marketplace as the exclusive source of its goods and services bearing the AMBIT® Marks.  The AMBIT® Marks have acquired wide notoriety and symbolize the reputation and goodwill which Ambit now enjoys.  Consequently, the AMBIT® Marks have become famous and constitute valuable assets of Ambit.  Growth and continuation of Ambit's business depends in part upon the unique and distinctive nature of the AMBIT® Marks and on the reputation and goodwill symbolized thereby.

17.     Upon information and belief, on or about December 6, 2012, Defendant acquired the domain www.ambit.com (the "Domain").

18.     Webpages were published at the Domain which advertised and offered electrical energy distribution services under the trademark "AMBIT SOLAR" that are similar or identical to the services of Ambit offered under the AMBIT® Marks.  A printout of an example of the webpages is attached as Exhibit H.

19.     The channels of trade through which Defendant offered his services under the AMBIT SOLAR trademark are similar or identical to the channels of trade used by Ambit for the sale of its goods and services under the AMBIT® Marks.

20.     On or about February 8, 2013, Defendant contacted Ambit and offered to sell the Domain for an exorbitant price.  Defendant further threatened to sell the Domain to others if Ambit did not purchase it.

21.     During the spring of 2013, Defendant began publishing webpages advertising financial software for sale at the Domain under the trademark "AMBIT".  A printout of an example of the webpages is attached as Exhibit I.

22.     In June 2013, Defendant contacted Ambit (again) and offered to sell the Domain at an exorbitant price.  He again threatened to sell the Domain to others if Ambit did not meet his demands.

23.     In the summer of 2013, Defendant redirected the Domain to a website which advertises wrist watches for sale under the "AMBIT" trademark.  A printout of the webpage is attached as Exhibit J.

24.     In October 2013, Defendant again contacted Ambit and offered to sell the Domain and threatened to sell it to competitors if Ambit did not capitulate.

25.     On information and belief, Defendant has offered and continues to offer to sell the Domain to competitors of Ambit, valued at a high price, at least in part, due to the reputation of Ambit and the fame of the AMBIT® Marks.

26.     Upon information and belief, Defendant has no valid trademark or other rights in the Domain or in the marks AMBIT and/or AMBIT SOLAR.

27.     Upon information and belief, Defendant intended to and did divert customers from Ambit to a website accessible at the Domain in a manner that caused and will continue to cause harm to Ambit and the goodwill represented by the AMBIT® Marks.

28.     Upon information and belief, Defendant did not believe nor have a reasonable basis to believe that the use of the Domain was a fair use or otherwise lawful.

<u>**Count I**</u>
<u>**Cybersquatting**</u>
**(15 U.S.C. § 1125(d))**

29.     Ambit repeats and realleges Paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant has used, registered, trafficked in and is using a domain name, namely the Domain, containing one or more of the AMBIT® Marks.

31.     The AMBIT® Marks are distinctive and famous and have been distinctive and famous since at least the time Defendant registered or acquired the Domain.

32.     Upon information and belief, Defendant registered or acquired the Domain with bad faith and intent to profit from the AMBIT® Marks.

33.     The Domain is identical or confusingly similar to and/or dilutive of one or more of the AMBIT® Marks.

**Count II**
**Injury to Business Reputation and Dilution**
**(Tex. Bus. & Com. Code Ann. § 16.103)**

34.     Ambit repeats and realleges Paragraphs 1 through 33 as if fully set forth herein.

35.     Beginning at least as early as 2006, Ambit adopted and used one or more of the AMBIT® Marks in association with its goods and/or services in Texas.  The AMBIT® Marks have been used by Ambit continuously in this State since the respective dates of first use of each mark.

36.     The AMBIT® Marks are, each, inherently distinctive of the goods and/or services of Ambit or have acquired distinctiveness.

37.     Each of the AMBIT® Marks has been registered on the Principal Register of the United States Patent and Trademark Office.

38.     Due to the extensive advertising, care and skill of Ambit in using the AMBIT® Marks, the AMBIT® Marks have become famous and widely recognized by the public in this State as an indication of a source of the goods and services of Ambit.

39.     After the AMBIT® Marks became famous in this State, Defendant began to make commercial use and continues to make commercial use of the "AMBIT" and/or "AMBIT SOLAR" trademarks and/or the Domain which is likely to cause dilution of one or more of the AMBIT® Marks through blurring or tarnishment.

40.     Defendant's actions are deliberate, willful and malicious, and have been committed with the intent to cause injury to Ambit and its property rights in the AMBIT® Marks, and to cause a dilution of the uniqueness of the AMBIT® Marks.

**Allegations Of Damage**

41.     As a direct and proximate result of Defendant's conduct, Ambit has suffered and will continue to suffer damage and injury to its business, reputation and goodwill and to endure a loss of sales and profits in an amount yet to be determined.

42.     Because of Defendant's acts as alleged herein, Defendant will be unjustly enriched by profits it has made from use of the AMBIT mark, the AMBIT SOLAR mark and/or the Domain.

43.     Unless Defendant is enjoined from the acts complained of herein, Ambit will suffer irreparable harm, for which Ambit has no adequate remedy at law.

**Prayer**

WHEREFORE, Ambit respectfully requests:

44.     That Defendant, his agents, servants, employees, attorneys, confederates and all persons in active concert or participation with any of them, be enjoined, immediately and preliminarily during the pendency of this action, and thereafter perpetually from:

A.     Using the AMBIT® Marks, or any reproduction, counterfeit, copy or colorable imitation of any of them, including but not limited to the Domain, the AMBIT mark, and/or the AMBIT SOLAR mark in connection with the advertising, selling or offering for sale, goods that are the same or similar to those of Ambit;

B.     Using the AMBIT® Marks, or any reproduction, counterfeit, copy or colorable imitation of any of them, including but not limited to the Domain, the AMBIT mark, and/or the AMBIT SOLAR mark, in any manner likely to cause confusion, to cause mistake or to deceive;

C.      Using the AMBIT® Marks, or any reproduction, counterfeit, copy or colorable imitation of any of them, including but not limited to the Domain, the AMBIT mark, and/or the AMBIT SOLAR mark, in any manner likely to cause injury to Ambit's business reputation and/or blur or tarnish the distinctiveness of any of the AMBIT® Marks; and,

D.      Registering, trafficking in and/or using any domain name containing the AMBIT® Marks, or any of them, or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

45.     That Defendant be directed to file with the Court and serve on Ambit within thirty (30) days after service on Defendant of such injunction, or such extended period as the Court may direct, a report in writing, under oath, setting forth the detail and manner and form in which Defendant has complied with the injunction;

46.     That Defendant be ordered to account and pay over to Ambit all damages sustained by Ambit and profits realized by Defendant by reason of Defendant's unlawful acts as alleged herein, and that such profits be trebled as provided by law because of the willfulness of Defendant's acts;

47.     An order directing a preliminary and permanent injunction requiring the current domain name registrar to transfer the Domain to Ambit;

48.     That Ambit be awarded statutory damages in the amount of $100,000;

49.     That Ambit be awarded prejudgment and post-judgment interest;

50.     That Ambit be awarded its costs and reasonable attorney's fees; and,

51.     That Ambit have such other and further relief as the Court deems just and proper.

Dated:  November 22, 2013.                    Respectfully submitted,


                                              s/George R. Schultz
                                              George R. Schultz
                                              Texas State Bar No. 17837500
                                              russ.schultz@grspc.com
                                              Nicole R. Marsh
                                              Texas State Bar No. 24044653
                                              nicole.marsh@grspc.com

                                              SCHULTZ & ASSOCIATES, P.C.
                                              5400 LBJ Freeway
                                              Suite 1200
                                              Dallas, Texas 75240
                                              (214) 210-5940 telephone
                                              (214) 210-5941 facsimile

                                              ATTORNEYS FOR PLAINTIFF
                                              AMBIT HOLDINGS, L.L.C.